UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

THOMAS J. SCHMITZ and
STATE FARM INSURANCE COMPANY,

Plaintiffs,

v.

FERRELLGAS, INC.,

Defendant and
Third-Party Plaintiff,

v.

EDWARD JOSEPH LETENDRE,

Third-Party Defendant.

CIVIL NO. 01-530 (DSD/JMM)

ORDER

The above matter came on for hearing before the undersigned on September 12, 2001 upon Plaintiff's Motion to Amend Complaint [Docket No. 23] and Plaintiffs' Motion to Amend Pretrial Scheduling Order [Docket No. 25]. Gregory N. McEwen, Esq. appeared on behalf of Plaintiffs; Klay C. Ahrens, Esq. appeared on behalf of Defendant.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Plaintiffs' Motion to Amend Pretrial Scheduling Order [Docket No. 25] is denied.

FILED NOV 06 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. Plaintiffs' Motion to Amend Complaint [Docket No. 23] is denied.

Dated: November 6, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

This case arises from damage caused by an explosion at Plaintiff Schmitz' home. Plaintiffs claim that the explosion was the fault of propane supplier Defendant Ferrellgas, Inc. ("Ferrellgas"). Plaintiffs assert that Ferrellgas was negligent in several respects, including failing to warn its customers of the detection problems connected with using ethyl mercaptan to add odor to propane.

Ferrellgas asserts, among other defenses, that the explosion was the result of negligent acts by Edward LeTendre, who was renting space from Plaintiff Schmitz at the time of the incident. Ferrellgas contends that Mr. LeTendre acted negligently by leaving a propane line open after disconnecting a gas dryer in Plaintiff Schmitz' residence.

Plaintiffs filed a Complaint in Anoka County District Court on March 3, 2001, naming Ferrellgas as the only Defendant. Ferrellgas removed the case to this Court on March 26, 2001. The Court set a deadline of July 1, 2001 for Motions seeking to amend the pleadings and/or add parties. [Docket No. 7]. On June 29, 2001, Defendant filed a timely Motion seeking permission to serve a Third-Party Complaint on Mr. LeTendre. [Docket No. 11]. The Court granted the Motion, and Mr. LeTendre was brought into this action as a Third-Party Defendant. On August 2, 2001 Plaintiffs filed a Motion to Amend their Complaint to implead Mr. LeTendre as a direct party Defendant. [Docket No. 19]. On

August 23, 2001, Plaintiffs filed a Motion to Amend the Pretrial Scheduling Order [Docket No. 25] to extend the time for filing a Motion to Amend the Complaint.

## I. MOTION TO AMEND THE PRETRIAL SCHEDULING ORDER

Plaintiffs and Defendant submitted their joint Rule 26(f) Report in this case on May 11, 2001. [Docket No. 6]. In Defendant's Summary of Defenses, it reiterated that it believed the actions of Plaintiff's renter, Edward LeTendre, to be a cause of the explosion. The Parties proposed a deadline of November 1, 2001 for moving to amend and/or add parties, stating that both Plaintiff and Defendant might be adding additional parties to the action. The Court did not adopt the Parties' suggested date, in large part because it would have been inconsistent with the Parties stated desire to complete discovery by June 1, 2002. The Court explained that in order to meet this goal, a deadline of July 1, 2001 for Motions to Amend would be established in its Pretrial Scheduling Order [Docket No. 7].

Rule 16(b) of the Federal Rules of Civil Procedure states: "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Under the Local Rules of this Court, Magistrate Judges are authorized to modify pretrial schedules "upon written motion and for good cause shown." Local Rule 16.3(a). Defendant argues that Plaintiffs have not demonstrated good cause why they were not able to meet the deadline in the Pretrial Scheduling Order, and that Plaintiffs could have met the deadline if they had exercised due diligence.

The good cause standard of Rule 16(b) "is an exacting one, for it demands a demonstration that the existing schedule 'cannot reasonably be met despite the diligence

of the party seeking the extension.'" Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota, 187 F.R.D. 578, 581-82 (D. Minn. 1999)(quoting Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee Notes – 1983 Amendment)(additional citation omitted). As stated by the Court of Appeals for the Fourth Circuit:

> The federal rules' generally permissive position on amendment of pleadings has one important limit . . . . When the district court issues a scheduling order that sets a deadline for amendments to pleadings, a party wishing to amend its pleadings must comply with that deadline or show good cause for failing to do so. See Fed. R. Civ. P. 16(b). This standard primarily considers the diligence of the party seeking to amend, rather than simply that party's lack of bad faith or the lack of prejudice to the opposing party.

Essential Housing Mgmt., Inc. v. Thomas F. Walker, 1998 WL 559349 at *4 (4th Cir. June 9, 1998)(citation omitted). Thus, when a party moves to amend a pleading after the scheduled time for amendments has passed, the court must apply the Rule 16(b) standard as well as any other standard applicable under the Federal Rules of Civil Procedure. Id. If the "good cause" standard is stricter than the general standard for amendments, the effect is that the party must meet the more rigorous Rule 16(b) standard before even reaching the standard for amendments (in this case, Rule 15). Id.

In their Memorandum in Support of their Motion to Amend the Pretrial Scheduling Order, Plaintiffs do not offer a reason for their delay. As to the reason for their failure to seek to add Mr. LeTendre as a party prior to the expiration of the deadline for amending pleadings, their only argument consists of the following two sentences:

> Finally, Plaintiffs have acted diligently in seeking modification of the Scheduling Order. Indeed, they are seeking the same prior to the commencement of any further discovery being completed.

These statements do not suggest any reason why Plaintiffs did not seek to add Mr. LeTendre at an earlier point in the case. Rather, Plaintiffs focus on the standards for allowing amendments set forth in Rule 15 of the Federal Rules of Civil Procedure, and argue that there will be no prejudice to Defendant if the Court grants their Motion. However, because Plaintiffs' Motion to Amend was filed after the deadline in the Pretrial Scheduling Order, they "must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a). . . . If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa v. Airprint Sys., Inc., 113 F.3d 1417, 1419 (11th Cir. 1998)(citation omitted). See also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-608 (9th Cir. 1992) (holding that plaintiff's ability to amend complaint was governed by Rule 16(b), not Rule 15(a) since district court previously filed pretrial scheduling order); Deghand v. Wal-Mart Stores, Inc., 904 F. Supp. 1218, 1221 (D. Kan. 1995) (same); Rouse v. Farmers State Bank of Jewell, 866 F. Supp. 1191, 1199 (N.D. Iowa, 1994) (citing Johnson, 975 F.2d at 609); Financial Holding Corp. v. Garnac Grain Co., 127 F.R.D. 165, 165-66 (W.D. Mo. 1989); Fortsman v. Gulp, 114 F.R.D 83, 85 (M.D. N.C. 1987). Plaintiffs' argument that no prejudice will result to Defendant by granting their Motion is not relevant to the issue of whether or not they have shown the good cause required by Rule 16(b). See Luigino's Inc. v. Pezrow Co., Inc., 178 F.R.D. 523, 525 (D. Minn. 1998)("Rule 16(b) is driven by 'good cause' on the part of the proponent of a newly formulated claim, and not by a showing of prejudice on the part of the nonmoving party.")

## II. MOTION TO AMEND THE COMPLAINT

Even if we were to amend the Pretrial Scheduling Order to permit consideration of Plaintiffs' Motion to Amend the Complaint on its merits, we would not grant the Motion. If Plaintiffs were permitted to add Mr. LeTendre as a party Defendant, diversity of citizenship would be destroyed, divesting the Court of jurisdiction over this matter. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)(addition of a nondiverse party as a direct defendant defeats jurisdiction). Consideration of this Motion is governed by 28 U.S.C. § 1447(c), which provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Under § 1447(c), we have discretion to permit or deny the joinder of Mr. LeTendre. See ARE Sikeston Ltd. Ptsp. v. Weslock Nat'l., Inc., 120 F.3d 820, 833 (8th Cir. 1997).

When Plaintiffs commenced this action, they chose not to name Mr. LeTendre as a party to the Complaint. When Defendant moved to add Mr. LeTendre as a Third-Party Defendant, Plaintiffs opposed the Motion and did not even conditionally seek to assert a direct claim against Mr. LeTendre. In their opposition to Defendant's Motion to add Mr. LeTendre as a Third-Party Defendant, Plaintiffs argued that destruction of diversity jurisdiction, standing alone, was sufficient reason for denying the Motion.[1] If we were to apply Plaintiffs' argument to their own Motion, we would be forced to deny the Motion to

---

[1] As noted, adding Mr. LeTendre as a Third-Party Defendant does not destroy jurisdiction. See Merchants Nat'l Bank of Winona v. Hartford Acc. & Indem. Co., 377 F. Supp. 1344 (D. Minn. 1974).

add Mr. LeTendre as a party because doing so would divest the Court of jurisdiction.

Plaintiffs' initial trial strategy, and its continuing trial strategy, was to refrain from making a direct claim against Mr. LeTendre. Based on changed circumstances, they have now altered that strategy. Although in general there is no reason to look unfavorably upon any trial strategy, our task here is simply to ascertain whether the Court should permit this strategy decision, when the consequence will be that the jurisdiction of the Court will be destroyed. Courts consider a plaintiff's motive for seeking to add a party when exercising their discretionary power under section 1447 (c). See e.g., Gum v. General Elec. Co., 5 F. Supp.2d 412, 414-15 (S.D. W. Va. 1998)(denying amendment sought primarily for the purpose of defeating federal jurisdiction); Whitworth v. TNT Bestway Trans. Inc., 914 F. Supp. 1434,1435 (E.D. Tex. 1996)(denying amendment that would destroy jurisdiction where plaintiff's putative reason for not adding the defendant earlier did not "resonate" with the court). In addition, if we were to allow the joinder of Mr. LeTendre, we would have to remand this action to the Anoka County District Court. Such a remand would result in a substantial delay in the resolution of this case, and it is highly unlikely that the case would be ready to go to trial by October 1, 2002, the date currently set by this Court's Pretrial Scheduling Order.

J.M.M.